## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2017, 11:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Edward P. Grimmer
Daniel A. Gohdes
Edward P. Grimmer, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Shawn C. Swope
Joseph I. Miyake
Swope Law Offices LLC
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Northern Indiana Public Service Company, | December 29, 2017 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 45A03-1707-SC-1701 |
| v. | Appeal from the Lake Superior Court |
| | The Honorable Michael N. Pagano, Magistrate |
| John J. Krause, | Trial Court Cause No. 45D09-1612-SC-2295 |
| *Appellee-Defendant* | |

**Baker, Judge.**

[1] Northern Indiana Public Service Company (NIPSCO) appeals the trial court's order entering judgment in favor of John Krause on NIPSCO's negligence complaint for damage to a utility pole after Krause's vehicle collided with it. NIPSCO argues that the evidence does not support the judgment. Finding the evidence sufficient, we affirm.

[2] On June 12, 2016, at approximately 4:10 a.m., Krause was driving his automobile in Lake County when a deer ran into the road in front of him. Krause swerved to avoid striking the animal and collided with a NIPSCO utility pole. At some point during his drive, Krause was traveling thirty miles per hour in a zone with a speed limit of twenty miles per hour, but does not know the speed at which he was traveling when the deer ran into the road. Tr. p. 27-28, 29-30.

[3] On December 20, 2016, NIPSCO filed a negligence complaint against Krause seeking compensation for the damage to the utility pole. The trial court held a bench trial on June 12, 2017. The same day, the trial court entered judgment in favor of Krause. NIPSCO now appeals.

[4] When reviewing a judgment entered following a bench trial in which no specific findings of fact were made, we apply a general judgment standard and, without reweighing evidence or considering witness credibility, may affirm on any legal theory supported by the evidence. *E.g.*, *Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008). In conducting our review, we consider only the evidence

favorable to the judgment and all reasonable inferences that flow therefrom. *Estate of Henry v. Woods*, 77 N.E.3d 1200, 1204 (Ind. Ct. App. 2017).

[5] Furthermore, NIPSCO is appealing from a negative judgment, which is a judgment entered against a party who bore the burden of proof at trial. *E.g.*, *Smith v. Dermatology Assocs. of Fort Wayne, P.C.*, 977 N.E.2d 1, 4 (Ind. Ct. App. 2012). A party appealing from a negative judgment must show "that the evidence points unerringly to a conclusion different than that reached by the trial court." *Id.* We will not reverse a negative judgment unless it is contrary to law. *Id.*

[6] NIPSCO's complaint alleges that Krause was negligent in the operation of his vehicle and that his negligence caused damage to the utility pole. To prove negligence, a plaintiff must establish three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by the breach of that duty. *E.g.*, *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017).

[7] With respect to the element of breach, the sudden emergency doctrine, which "was developed by the courts to recognize that a person confronted with sudden or unexpected circumstances calling for immediate action," *Willis v. Westerfield*, 839 N.E.2d 1179, 1184 (Ind. 2006), may apply. To invoke this doctrine, the defendant must establish, among other things, that he did not create or bring about the emergency through his own negligence. *Id.* NIPSCO

argues that the evidence is undisputed that Krause was speeding at the time the deer entered the roadway, meaning that he brought about the emergency through his own negligence. We disagree that the record is undisputed; instead, Krause consistently testified that at some point during his drive, he was driving at thirty miles per hour in an area with a speed limit of twenty miles per hour, but he did not know the speed at which he was traveling at the time the deer entered the roadway. Tr. p. 27-28, 29-30. It was for the trial court to resolve this factual question, and if it resolved the issue in Krause's favor, determining that he was entitled to invoke the sudden emergency doctrine, we will not second-guess that conclusion.

[8] Moreover, even if we were to assume that NIPSCO established a duty owed by Krause and a breach of that duty, the evidence in the record easily supports a conclusion that Krause's conduct was not the proximate cause of NIPSCO's damages; instead, the deer's was. But for the deer unexpectedly entering the roadway, Krause would not have swerved and struck the utility pole. Given the standard of review applied to general judgments and negative judgments, we find the evidence sufficient to support the trial court's order.

[9] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.